Stewart, J.,
concurring. I concur in the foregoing syllabus and opinion as I believe that both enunciate sound law, but I have a somewhat fearful apprehension as to the result of the decision.
Unless and until the General Assembly acts, a person may present a claim against the estate of a decedent, alleging an oral contract for the payment of services which have ceased *199 many years before the lips of the one with whom the alleged contract was made have been closed in death, and may stop any running of the statute of limitations upon such claim by alleging that it was not to be paid until after the death of the one with whom it was made.
Without in any manner questioning the honesty or integrity of any person in the present case, it seems almost incredible that there should have been an oral contract for services performed for one approximately 17 years before his death, with an oral promise of payment out of the estate of the promissor at the time of his death. The statute of limitations, of course, would long since have run against any claim for services upon a quantum meruit basis, but under the allegations of the petition the statute does not begin to run until the promissor has died.
The General Assembly enacted Section 10504-3a, General Code (Section 2107.04, Revised Code), which made unenforceable any agreement to make a will, unless the agreement is in writing, and this court has decided that, where an oral agreement is made to make a devise or bequest by will to one who has performed services or given other valuable consideration, such agreement is unenforceable. Snyder v. Warde, Admx., 151 Ohio St., 426, 86 N. E. (2d), 489; Sherman, a Minor, v. Johnson, 159 Ohio St., 209, 112 N. E. (2d), 326.
Although I have an abiding faith in the honesty and integrity of an overwhelming majority of the people, I do not shut my eyes to the possibility that there are some scalawags even in Ohio, and no matter how long a period has elapsed since services have been performed for which a claim is made, a claim may be presented for such services against an estate upon an alleged oral agreement that there was a promise to pay for them, at death, by the one for whom the services were performed.
It is true that Section 11495, General Code, now Section 2317.03, Revised Code (the dead man’s statute), is some safeguard against fraudulent claims, but if one is bent upon securing a fraudulent gain it would probably not be difficult to enlist the aid of a confederate, and, as we have said, the one who could defend against such a conspiracy would have his lips sealed in death.
*200 I am fearful that unless there is legislative relief, our present decision, sound as I believe it to be legally, will open to the unscrupulous a vast vista of privileged pillage.